IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SARA EYSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-466-GPM |
| | ) |
| SHADE TREE SERVICE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed.  Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (internal citation omitted). Plaintiff Sara Eyster filed this action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, alleging employment discrimination against Defendant Shade Tree Service Company ("Shade Tree").  Shade Tree has removed the case to this Court, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. The Court's sua sponte review of Shade Tree's notice of removal discloses that Shade Tree must file an amended notice that properly alleges federal jurisdiction.

Turning first to the matter of whether the Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331, the Court concludes that it does not. "In general, of course, district courts have 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 589 (S.D. Ill. 2007) (quoting 28 U.S.C. § 1331). "As a rule, '[a] suit arises under the law that creates the cause of action.'" *Baker v. Johnson & Johnson*, Civil No. 10-283-GPM, 2010 WL 1802171, at *1 (S.D. Ill. Apr. 21, 2010) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Here the only cause of action asserted in Eyster's complaint is one under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq*. It certainly is the case that Eyster could have asserted a claim for employment discrimination under federal law, but the fact is that she did not, thereby defeating so-called "federal question" jurisdiction. *See Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir. 1998) ("[A] plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense."); *Shapiro v. Middlesex County Mun. Joint Ins. Fund*, 930 F. Supp. 1028, 1032 (D.N.J. 1996) ("If a claim can be maintained on both state and Federal grounds, the plaintiff has the option to defeat removal by ignoring the Federal question and only asserting the state law claim."). Accordingly, the Court turns next to the matter of whether federal jurisdiction is proper in this case pursuant to 28 U.S.C. § 1332.

In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Smith v. American Gen. Life &*

*Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003); *Rehkemper & Son, Inc. v. Indiana Lumbermens Mut. Ins. Co.*, Civil No. 09-858- GPM, 2010 WL 547167, at *2 (S.D. Ill. Feb.10, 2010). Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entmn't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). *See also Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) ("For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant."). Shade Tree, as the proponent of federal jurisdiction on removal, has the burden of proof as to the existence of such jurisdiction. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Misiak v. Farmer*, Civil No. 10-133-GPM, 2010 WL 685895, at *1 (S.D. Ill. Feb. 23, 2010).

In this instance it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs. Eyster seeks compensatory damages in excess of $50,000, together with punitive damages and an award of attorney's fees, all of which sums are recoverable in an action under the MHRA. *See* Mo. Rev. Stat. § 213.111(2). *See also Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (a prospective award of punitive damages can satisfy the jurisdictional amount in a diversity case if such damages are recoverable as a matter of state law and if it is not legally certain that a plaintiff cannot recover a jurisdictionally-sufficient award of punitive damages); *Ross v. Inter-Ocean Ins. Co.*, 693 F.2d 659, 661 (7th Cir. 1982) ("[W]here a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation,

a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied."). Here, assuming that Eyster's actual damages are at least $50,000, an award of punitive damages in an amount equal to or even substantially less than her compensatory damages would bring the amount in controversy in this case above the jurisdictional threshold sum for diversity purposes. *See Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (an award of punitive damages in a ratio of two to three times a plaintiff's actual damages may properly be reckoned into the jurisdictional amount for purposes of federal diversity jurisdiction).

As to complete diversity of citizenship, Shade Tree alleges that it is a corporation incorporated under Missouri law with its principal place of business in Missouri and thus Shade Tree is a citizen of Missouri for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). *See also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010) (a corporation's principal place of business is the state where the corporation has its headquarters or nerve center). Unfortunately, Shade Tree fails properly to allege Eyster's citizenship for diversity purposes, stating in its notice of removal only that Eyster "resides in [Madison County], Illinois." Doc. 2 at 2 ¶ 7. To invoke diversity jurisdiction, a natural person must be alleged to be a citizen of a state, not a resident of a state. "[A]llegations of residence are insufficient to establish diversity jurisdiction . . . . It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)). *See also Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]lthough the parties

claimed diversity jurisdiction, the complaint failed to allege the citizenship of either party, instead stating the residence of each. Of course, allegations of residence are insufficient to establish diversity jurisdiction."); Form 7, Appendix of Forms, Fed. R. Civ. P. (a proper allegation of a plaintiff's citizenship for diversity purposes is that "[t]he plaintiff is a citizen of Michigan[.]") (bracket, italics, and underlining omitted).

The state citizenship of a natural person for diversity purposes depends in turn on the location of the person's domicile, that is, the state where the person is physically present with the intent to remain there indefinitely. *See Gilbert v. David*, 235 U.S. 561, 569 (1915) ("If a person has actually removed to another place, with an intention of remaining there for an indefinite time, and as a place of fixed present domicil, it is to be deemed his place of domicil, notwithstanding he may entertain a floating intention to return at some future period."); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) ("Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain[.]"); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) ("[I]t takes physical presence in a state, with intent to remain there, to establish domicile."); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006) ("'Citizenship' for diversity purposes is determined . . . by a party's domicile, which means the state where a party is physically present with an intent to remain there indefinitely.") (citations omitted). "[D]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *Tylka*, 211 F.3d at 448 n.6 (quoting 28 U.S.C. § 1653). Moreover, "[w]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Adams v. Purves*, Civil No. 10-55-GPM, 2010 WL 378422, at *3 (S.D. Ill. Jan. 27, 2010) (quoting *Leaf v. Wisconsin Supreme Court*, 979 F.2d 589, 595

(7th Cir. 1992)). Accordingly, the Court will order Shade Tree to amend its notice of removal to allege that Eyster is a citizen of Illinois, not a resident of Illinois, meaning, as discussed, that Eyster is domiciled in Illinois.

To conclude, Shade Tree is **ORDERED** to file an amended notice of removal that alleges that Eyster is a citizen of Illinois, not a resident of Illinois, no later than 12:00 noon on Tuesday, July 6, 2010. Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3575267, at *1, *3 (S.D. Ill. Oct. 26, 2009); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).[1]

**IT IS SO ORDERED.**

DATED: June 29, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

1. As a final matter, the Court reminds Shade Tree that the jurisdictional facts contained in its amended notice of removal must be alleged not on the basis of "information and belief" but on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).